## Case No. 16,813a.

### VALERINO v. THOMPSON.

[22 Betts. D. C. MS. 216.]

District Court, S. D. New York.  March, 1856.

SUIT AGAINST FOREIGN CONSUL.

[The consul of a foreign nation can be sued alone in the United States district court on a contract executed by him jointly with another person.]

[This was an action by Augustin Valerino against William D. Thompson, consul, impleaded with Sydney Mason. Heard on demurrer.]

BETTS, District Judge. The question to be decided in his cause arises on demurrer, and presents this point: whether in case of a debt owed jointly by two, one of them being a consul of a foreign government, resident and acting in the United States in that capacity, an action can be sustained solely against him in this court.

1. This court is designated by act of congress as the tribunal which shall have jurisdiction exclusively of the courts of the several states of all suits against consuls.

2. A joint debt is the absolute debt of each obligor. There is no separable part for which he is solely liable. His indebtment is not extinguished until the entire debt is satisfied. It accordingly enters no way into the vitality of the contract that it shall be enforced equally and at the same time by the creditor against all parties bound to discharge it. Nor is the creditor's right limited by principles of general jurisprudence to that method of redress.

3. It is a rule with courts proceeding according to the course of the common law that the remedy of a creditor upon a joint contract must be pursued against all who united in the agreement. It is unimportant to inquire into the foundation or reason of this dogma. It is a rule of pleading and practice, and not one composing or entering into the obligation of the contract, and is not recognized in England as a principle governing proceedings in equity (2 Spence, Eq. Jur. 213; 1 Story, Eq. Jur. 676), although it is in this state (2 Denio, 577). The authority which created the rule may probably rescind or modify it. It is not an invariable law with courts which recognize the common law as their rule of decision, any more than is its converse, that common and severable promisors shall be sued separately. Particularly by the general mercantile law, joint debts, like partnership debts, are several as well as joint. Master of rolls, Sleech's Case, 1 Mer. 564; Thorpe v. Jackson, 2 Younge & C. Exch. 553–562.

4. All rules of practice and pleading are subordinate to legislative authority. When the legislature authorizes a mode of action or remedy, courts are no longer subject to the customary method of exercising and obtaining rights within that remedy when the method does not conform to that law. This court, then, will not regard the doctrines or usages of common-law courts as impeding it in the employment of methods of practice expressly conferred by act of congress. The statute, by giving jurisdiction in all actions against consuls, does not make the grant conditional that the consul shall be liable to be sued separately in order to support a prosecution against him in this form. On the contrary, the statute is to be understood as giving the court cognizance against him individually of all responsibilities he is under in law.

5. The act of congress having granted jurisdiction positively to the district court in respect to consuls, may be deemed to dispense with other parties necessary in a proceeding against ordinary defendants, and to render contracts joint in form, entered into by a consul for another, several as well as joint against those officials in regard to the remedy in this tribunal.

6. Jurisdiction in civil actions against consuls is assigned by the constitution to the federal judiciary, and by act of congress is excluded from state courts. By this it is manifest that the jurisdiction is conferred upon considerations on national polity, and in contradistinction to municipal rules of procedure, the suability of the defendant being placed solely upon his official character. The law has not conferred this special jurisdiction upon circuit courts also, and the proposition that they take it because of the residence or citizenship of the defendants is by no means a necessary conclusion of law, and this court is not prepared to declare its jurisdiction ousted because of a supposable one in the circuit court, which might better subserve the specialties of the present case.

7. Without making points in this summary, upon the questions of pleading involved in

the demurrer, it is held by the court on the merits that jurisdiction over this cause belongs to this court, and it is ordered that judgment be rendered on the demurrer in favor of the plaintiff, and against the defendant.